**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4154

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLIE RICE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:06-cr-00993-HMH)

Submitted:  August 3, 2007          Decided:  August 22, 2007

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Rice appeals his conviction and the 216-month sentence imposed after he pleaded guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). On appeal, counsel filed an Anders[1] brief, in which he states there are no meritorious issues for appeal, but questions whether the district court committed plain error in sentencing Rice. Rice was advised of his right to file a pro se supplemental brief but has not filed a brief. We affirm.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). "Consistent with the remedial scheme set forth in United States v. Booker, 543 U.S. 220 (2005), a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Hughes, 401 F.3d at 546. Counsel does not assert that the district court erred in determining the applicable Guidelines[2] range, and our review of the record reveals no error. Next, the district court must consider the Guidelines range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and impose a sentence. "A sentence within the proper advisory

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] U.S. Sentencing Guidelines Manual (2006).

Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341-42 (4th Cir. 2006); see Rita v. United States, __ U.S. __, 127 S. Ct. 2456 (2007) (upholding presumption). If a court imposes a sentence outside the Guidelines range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). In this case, Rice was sentenced within the Guidelines range, and we conclude that his sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Rice's conviction and sentence. This court requires that counsel inform Rice, in writing, of the right to petition the Supreme Court of the United States for further review. If Rice requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED